IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | No. 10 C 6330 |
| CMGT, Inc., | ) | |
| | ) | |
| Debtor. | ) | Judge Robert W. Gettleman |
| | ) | |
| SPEHAR CAPITAL, LLC, | ) | Appeal from the United States |
| | ) | Bankruptcy Court for the |
| Defendant / Appellant, | ) | Northern District of Illinois |
| v. | ) | |
| | ) | Bankruptcy No. 04 B 31669 |
| | ) | Adversary No. 07 A 00838 |
| DAVID GROCHOCINSKI, Trustee, | ) | |
| | ) | |
| Plaintiff / Appellee. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is the second appeal from rulings in adversary proceeding 07 A 838 filed by plaintiff/appellee David Grochocinski ("Trustee") in the bankruptcy case of CMGT, Inc. In the instant appeal, defendant/appellant Spehar Capital, LLC requests that this court order the bankruptcy court to reinstate the underlying adversary action so that Spehar may proceed with its counterclaim and petition for fees and sanctions, and seeks the court's permission to petition it directly for fees and sanctions.

The underlying facts will not be repeated herein, because relevant discussions are included in this court's February 2, 2010, memorandum opinion and order dismissing the first appeal ("February 2 Opinion"), and in the bankruptcy court's opinions, <u>Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)</u>, 402 B.R. 262 (Bankr. N.D. Ill. 2009), and 417 B.R. 69 (Bankr. N.D. Ill. 2009).

As for the case's complicated procedural history, the following abbreviated summary will suffice; the rest can be found in the above-mentioned opinions. After the Trustee filed an adversary action in the bankruptcy court, Spehar filed a counterclaim alleging that the Trustee had breached the material terms of an agreed financing order. Spehar argued that this agreement obligated the Trustee to void all other claimed secured liens in favor of Spehar's valid, perfected lien on CMGT's assets. The Trustee argued, however, that he was not obligated to do so, based in part on his belief that Spehar did not have a valid and perfected lien.

The bankruptcy court agreed and, finding that Spehar did not have a valid and perfected lien, granted judgment for the Trustee. Spehar appealed to this court, which determined that the adversary action was an impermissible attempt to collaterally attack the validity of the financing order, and accordingly vacated the bankruptcy court's judgment, remanding to that court for further proceedings consistent with its order. On remand, the bankruptcy court dismissed the entire underlying adversary action, including Spehar's counterclaim. Spehar filed a motion for reconsideration, which the bankruptcy court denied. Spehar then filed the instant appeal.

## DISCUSSION

On appeal, the bankruptcy court's conclusions of law are reviewed de novo. Meyer v. Rigdon, 36 F.3d 1375, 1378 (7th Cir. 1994).

Spehar argues that the bankruptcy court erred as a matter of law when it dismissed the entire adversary action, including Spehar's counterclaim for breach of contract. The court agrees. In its February 2 Opinion, this court simply vacated the bankruptcy court's judgment that the Trustee could proceed with his adversary action—it did not rule on Spehar's counterclaim. By vacating the bankruptcy court's judgment and remanding to that court for

2

further proceedings consistent with its opinion, this court directed the bankruptcy court to re-evaluate its previous conclusions made on the basis of its erroneous finding that Spehar's lien was invalid. The ruling by the bankruptcy court included the finding that because the financing order was invalid, Spehar could not have maintained its breach of contract counterclaim against the Trustee. If this court had intended to dismiss the entire adversary action, including the counterclaim, it would have explicitly stated so.

Spehar further contends that the bankruptcy court erred as a matter of law when, in vacating its original judgment, it denied Spehar the opportunity to petition the bankruptcy court for an award of its attorneys' fees. In its February 2 Opinion, the court held that the Trustee's adversary action was an "impermissible end run" around the financing order. Sanctions and fees may be appropriate in this type of frivolous litigation, see Maxwell v. KPMG LLP, 520 F.3d 713 (7th Cir. 2008); Maxwell v. KPMG LLP, No. 07-2819, 2008 WL 6140730 (7th Cir. Aug. 19, 2008), and the bankruptcy court should have permitted Spehar to petition it for such relief, rather than dismissing the entire action.[1] Of course, this court expresses no opinion on the merits of such a petition.

---

[1] In its reply brief, Spehar requests that the court strike the Trustee's references at pages 14-15 of its response brief to Grochocinski v. Mayer Brown Rowe & Maw LLP et al., No. 06 C 5486, 2010 WL 1407256 (N.D. Ill. March 31, 2010) (Kendall, J.) (granting defendants' summary judgment motion in a related malpractice case). That opinion cited this court's February 2 Opinion and noted that if the Trustee prevailed in the malpractice case, the damages would go to Spehar because this court had found that Spehar had a valid and perfected lien. Because the court does not rely on this information in making its independent analysis of a distinct legal issue, the court denies Spehar's request to strike as moot.

The Trustee offers a variety of counter-arguments, all of which are similarly incorrect. Contrary to the Trustee's analysis, the Barton doctrine[2] does not apply here to prevent Spehar's claim for fees and sanctions; that doctrine applies to claims, not to the imposition of sanctions and fees for frivolous litigation. The Trustee's argument that Spehar waived its right to petition for sanctions and fees, based on this court's review of the record, is similarly unconvincing. So is the Trustee's claim that, based on this court's February 2 Opinion and the bankruptcy court's resulting dismissal of the entire action, finality concerns prevent that court from now considering a petition for fees and sanctions. As discussed above, the February 2 Opinion was not a directive to dismiss Spehar's counterclaim. Nor was it an instruction to refrain from considering fee/sanctions petitions. The bankruptcy court's erroneous interpretation of this court's February 2 Opinion cannot bar Spehar from seeking fees and sanctions.

Finally, Spehar requests in the alternative that this court directly entertain the petition, "in light of the Bankruptcy Court's historical treatment of Spehar Capital's substantive and procedural rights from the inception of this Adversary Action through the pleadings subject of this second appeal." Because the bankruptcy court has been instructed to hear Spehar's petition, and because this court has full confidence in the bankruptcy court's ability to do so, there is no reason to allow Spehar to file such a petition with this court.

---

[2]The Barton doctrine requires that one who seeks "to sue a trustee in bankruptcy concerning actions taken by him in the course of his trusteeship must obtain the permission of the bankruptcy court." In re Linton, 136 F.3d 544, 545 (7th Cir. 1998). The doctrine takes its name from Barton v. Barbour, 104 U.S. 126, 128-29, 26 L.Ed. 672 (1881), in which the Supreme Court held that an equity receiver could not be sued without leave of the court that appointed him. The doctrine has been extended to apply to a bankruptcy trustee. "Just like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." In re Linton, 136 F.3d at 545.

## CONCLUSION

For the foregoing reasons, the court vacates the bankruptcy court's order of dismissal and instructs that court to reinstate the adversary action for ruling on Spehar's counterclaim and to allow Spehar to file a petition for sanctions and attorneys' fees.


**ENTER:**     March 21, 2011

                                            **Robert W. Gettleman**
                                            **United States District Judge**